1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MICHAEL SHIFERAW,

        Defendant.

_____/

No. CR 18-00600 WHA

**ORDER RE MOTION TO
REVOKE DETENTION ORDER**

## INTRODUCTION

      Defendant has moved to revoke his detention order. The government opposes. For the
reasons stated below, the motion is **DENIED**.

## STATEMENT

      Defendant Michael Shiferaw is charged with multiple counts of a bank robbery by force in
violation of 18 U.S.C. § 2113(a) that occJune 20, 2019urred in November 2018. Defendant was
released from custody with an unsecured bond for $75,000 in December 2018. During his release in
March 2019, another bank robbery occurred. A superseding indictment was filed charging
defendant and his sister with an additional count of bank robbery. Magistrate Judge Sallie Kim held
additional bond hearings for defendant in February 2019. In March 2019, pretrial services filed a
Form 8. A bail hearing occurred in April 2019 in which the government reported defendant's
involvement in the second bank robbery and moved to revoke defendant's bond. The magistrate
judge granted the motion. Defendant now moves to revoke his detention order. Following full
briefing and oral argument, the order decides all motions below.

An order of revocation is proper when there is " (1)(A) probable cause to believe that the person has committed a Federal, State or local crime while on release; or B) clear and convincing evidence that the person has violated any other condition of release; and (2)(A) ... there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). Courts will consider a number of factors such as the nature and circumstances of the offense charged, the weight of the evidence against the person, and the person's characteristics and background. 18 U.S.C. § 3142(g).

Defendant argues that an order of revocation should be granted because it is not clear whether the magistrate judge found there was probable cause to believe defendant committed the second robbery (Br. at 4). Defendant further argues he has family members willing to act as sureties, providing him with a reason not to flee and is amenable to conditions of release such as electronic monitoring and having a curfew (Reply at 4-5).

The government argues the motion should be denied because probable cause exists. A search of defendant's apartment produced clothing items used in the robbery (Opp. at 6). After observing photos of defendant after the second robbery and comparing it to defendant's appearance in court, this order agrees there is probable cause to believe defendant committed a crime while on release.

The government also argues that the motion should be denied because defendant was arrested for the second bank robbery during his release. On the day he was initially detained, defendant was in a bail hearing for violating another condition of his release by drinking alcohol to excess (Dkt. No. 46). Pretrial Services also advised that defendant violated another condition of his release by being at his apartment without their permission (Opp. at 9). Defendant has also been arrested nine times in the past eight years (*id.* at 9*)*. Defendant's violation of multiple conditions of his pretrial release, one being violent, is not outweighed by the fact that he may have a reason not to flee nor his statements that he is amenable to some potential conditions of release. This order agrees that there is no condition or combination of conditions of release that will assure defendant will not flee or pose a

United States District Court
For the Northern District of California

danger to the safety of any other person or the community nor will defendant be likely to abide by any condition or combination of conditions of release.

Defendant's motion to revoke is thus **DENIED**.

## CONCLUSION

For the reasons discussed above, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 20, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE