ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

NICHOLAS M. PARKER (CABN 297860)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7368
    Fax: (415) 436-7234
    nicholas.parker3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 3:18-cr-00600-WHA-1 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | [PROPOSED] DETENTION ORDER |
| v. | ) | |
| | ) | |
| MICHAEL SHIFERAW, | ) | |
| | ) | |
| Defendant. | ) | |

On December 3, 2019, defendant Michael Shiferaw was convicted of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and 2, and sentenced to 37 months in prison, to be followed by three years of supervised release. *See* Dkts. 105, 107. The defendant's initial term of supervision commenced on November 9, 2021, but after he admitted various violations of his conditions of supervision on June 28, 2023, the Hon. William H. Alsup revoked the defendant's supervised release and sentenced him to time served, to be followed by 34 months of supervised release, which term commenced on July 7, 2023. *See* Dkts. 157, 163, 166. On November 29, 2023—after a series of additional alleged violations of conditions of release relating to, among other things, failed and missed drug tests—Judge Alsup ordered the defendant to enter residential drug treatment for at least 90 days, which the defendant did on December 4, 2023. *See* Dkts. 188, 191.

1   This matter initially came before this Court on February 15, 2024, for arraignment on additional alleged violations of the defendant's conditions of supervised release—namely, that the defendant had been "unsuccessfully discharged" from residential drug treatment "after he submitted a urine sample that tested positive for opiates," and that the defendant failed to timely report his discharge from the treatment facility to his probation officer. *See* Dkt. 195 (Violation Nos. 8 and 9). The government moved for detention pending resolution of the alleged violations and the defendant opposed, with counsel for both submitting proffers supporting their respective positions. This Court then set a detention hearing for February 20, 2024, and ordered the defendant detained until that time. *See* Dkt. 197.

For the reasons stated on the record at arraignment on February 15, 2024, and at the detention hearing on February 20, 2024, and for those stated herein and on the basis of the entire case file and information received from the U.S. Probation Office, the Court finds that the defendant cannot show—as he must in this supervised release context, *see* Fed. R. Crim. P. 32.1(a)(6) (citing 18 U.S.C. § 3143(a)(1))—by clear and convincing evidence that he is not likely to flee ~~or pose a danger to the safety of any other person or the community~~ if he is released. Accordingly, the Court ORDERS that the defendant be detained pending resolution of the applicable petition alleging violations of his conditions of supervision (Dkt. 195). This Order supplements the Court's findings and order at the detention hearing held on February 20, 2024.

Applying the applicable legal standards and principles—and based upon information received from the U.S. Probation Office; the evidence presented by the parties, including in court on February 15, 2024, and February 20, 2024; and the arguments of counsel—the Court finds as follows. These findings are made without prejudice to the defendant's right to seek review of the Court's order detaining him, or to file a motion for reconsideration if circumstances so warrant.

1. In this supervised release context, it is the defendant's burden to show by clear and convincing evidence that he "will not flee or pose a danger to any other person or to the community" if he is to be released pending adjudication of the charges against him. Fed. R. Crim. P. 32.1(a)(6) (citing 18 U.S.C. § 3143(a)(1)). For the reasons stated herein, the Court finds that the defendant cannot meet his burden to show by clear and convincing evidence that he will not flee if he is released.

2. One of the allegations in the pending supervised release violation petition suggests the defendant previously tampered with his location monitoring device. *See* Dkt. 195 (Violation No. 5).

3. The pending supervised release violation petition also includes several allegations relating to the defendant's drug use, including repeated failed drug tests, missed tests, stalling, and evasive conduct. *See* Dkt. 195 (Violation Nos. 1–4, 6–8). The prior supervised release violation petition contained similar allegations that the defendant eventually admitted. *See* Dkt. 148 (Violation Nos. 1–3); Dkt. 157.

4. Relatedly, the most recent allegations in the pending supervised release violation petition concern the defendant's "unsuccessful[] discharge[] from CenterPoint [residential drug] treatment center in San Rafael," California, following submission of a "urine sample that tested positive for opiates." Dkt. 195 (Violation No. 8). The defendant was discharged from the CenterPoint facility on January 1, 2024—less than 30 days after being admitted to it on December 4, 2023, and well short of the 90 days that Judge Alsup ordered him to participate in residential drug treatment. The defendant has denied drug use, both to CenterPoint and to this Court. However, the U.S. Probation Office provided documents, including documents received from CenterPoint and laboratory test results, showing a positive test for codeine, for which the defendant presented no evidence he had obtained a prescription. Moreover, CenterPoint staff opined in the defendant's discharge document that he was "at high risk for relapse" and "appeared to be still using criminal thinking and maladaptive behaviors." Also concerning to the Court is the fact that the defendant did not immediately inform his probation officer that he had been unsuccessfully discharged from CenterPoint. *See* Dkt. 195 (Violation No. 9).

5. Although the defendant told the Court on February 15, 2024, and again on February 20, 2024, that he was in treatment at another residential facility, he presented no evidence to corroborate that claim, and the U.S. Probation Office has been unable to verify it.

6. The defendant has on several occasions been late for court appearances, including for his arraignment before this Court on February 15, 2024.

**THEREFORE, IT IS ORDERED THAT**:

1. The defendant be, and hereby is, detained pending adjudication of the applicable supervised release violation petition (Dkt. 195), *see* Fed. R. Crim. P. 32.1(a)(6) (citing 18 U.S.C. § 3143(a)(1));

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the

defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

DATED: March 4, 2024

HON. PETER H. KANG
United States Magistrate Judge