ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ALEXANDRA SHEPARD (CABN 205143)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6767
    Fax: (415) 436-7234
    alexandra.shepard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3:18-cr-00600-WHA-1 |
|---|---|
| Plaintiff, | ) **DETENTION ORDER** |
| v. | ) |
| MICHAEL SHIFERAW, | ) |
| Defendant. | ) |

    On December 3, 2019, defendant Michael Shiferaw was convicted of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and 2, and sentenced to 37 months in prison, to be followed by three years of supervised release. *See* Dkts. 105, 107. The defendant's initial term of supervision commenced on November 9, 2021, but after he admitted various violations of his conditions of supervision on June 28, 2023, the Hon. William H. Alsup revoked the defendant's supervised release and sentenced him to time served, to be followed by 34 months of supervised release, which term commenced on July 7, 2023. *See* Dkts. 157, 163, 166.

    This matter came before this Court on December 2, 2024 for arraignment on two additional alleged violations of the defendant's conditions of supervised release—namely, that the defendant left a residential drug treatment facility without permission on April 7, 2024, and that he absconded from

supervision. *See* Dkt. 207 (Violation Nos. 10 and 11). On December 4, 2024, the defendant was arraigned on an additional alleged violation of his supervised release conditions, that he committed Second-Degree Robbery in violation of California Penal Code Section 211. *See* Dkt. 211 (Violation No. 12).

The government moved for detention pending resolution of the alleged violations and the defendant opposed. At the detention hearing on December 4, 2024, U.S. Probation and counsel for the parties submitted proffers and arguments.

In this supervised release context, it is the defendant's burden to show by clear and convincing evidence that he "will not flee or pose a danger to any other person or to the community" if he is to be released pending adjudication of the charges against him. Fed. R. Crim. P. 32.1(a)(6) (citing 18 U.S.C. § 3143(a)(1)). For the reasons stated herein, the Court finds that the defendant cannot meet his burden to show by clear and convincing evidence that he will not flee if he is released and that he will not pose a danger to the community. Accordingly, the defendant must be detained pending resolution of the applicable petition alleging violations of his conditions of supervision.

This Order supplements the Court's findings and order at the detention hearing held on December 4, 2024. The Court makes the following findings as the bases for its conclusion. These findings are made without prejudice to the defendant's right to seek review of the Court's order detaining him, or to file a motion for reconsideration if circumstances so warrant.

1. The defendant absconded from supervision from April 7, 2024, after he left a court-ordered drug treatment facility without authorization and then failed to report to Probation, until November 26, 2024, when he was arrested by San Francisco Police Department.

2. The defendant has repeatedly failed to complete court-ordered drug treatment programs. In addition to absconding from a drug treatment facility in April 2024, the defendant was discharged from another facility in January 2024 following submission of a urine sample that tested positive for opiates. As alleged in supervised release petitions, he has also repeatedly failed drug tests or failed to appear for drug tests.

3. The defendant has committed, or is alleged to have committed, multiple crimes while under court-ordered supervision, namely: (a) bank robbery while on pretrial release for the underlying

crime of robbing another bank; the defendant pled guilty to both bank robberies; (b) elder abuse while on supervised release, as a result of which the defendant is now subject to a permanent restraining order issued by San Francisco Superior Court; and (c) most recently, Second-Degree robbery after stealing a backpack from another person on November 26, 2024.

**THEREFORE, IT IS ORDERED THAT**:

1. The defendant be, and hereby is, detained pending adjudication of the applicable supervised release violation petition (Dkt. 211), *see* Fed. R. Crim. P. 32.1(a)(6) (citing 18 U.S.C. § 3143(a)(1));

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

DATED: December 5, 2024

HON. SALLIE KIM
United States Magistrate Judge